IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                             PLAINTIFF

v.                            CASE NO. 5:13-cr-50048

DAVID JOSEPH SAMSON                                                  DEFENDANT

### MEMORANDUM OPINION AND ORDER

Currently before the Court is David Joseph Samson's Amended Motion for Relief Under 28 U.S.C. § 2255 ("Motion") (Doc. 52) filed on February 29, 2016. The Motion argues that Samson was sentenced under the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), which was held unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government's Response (Doc. 57) concedes that the sentence is unconstitutional and must be vacated. The Court therefore **GRANTS** the Motion and **ORDERS** the case to be set for resentencing.

### I.   BACKGROUND

David Joseph Samson pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) at his September 9, 2012 Change of Plea Hearing. On December 16, 2013, the probation office filed the Presentence Investigation Report ("PSR") noting that Samson had three prior violent felony convictions, which qualified as predicate offenses under the Armed Career Criminal Act (the "ACCA"). (Doc. 22). Under the ACCA, a defendant convicted of an offense under 18 U.S.C. § 922(g) who has three previous convictions for a "violent felony" or a "serious drug offense" is subject to a 15-

year mandatory minimum sentence, regardless of the statutory maximum for the § 922(g) offense.

In Samson's case, the PSR relied on the following three prior violent felony convictions: (1) Assault with a Deadly Weapon in San Bernardino, California Superior Court, in 1986; (2) Burglary in Douglas County, Oregon Circuit Court, in 2001; and (3) Unlawful Use of a Weapon in Douglas County, Oregon Circuit Court, in 2011. (Doc. 22, ¶ 22). Accordingly, on January 16, 2014, this Court[1] enhanced Samson's sentence under the ACCA, and sentenced him to 180 months imprisonment, five years of supervised release, a $5,000.00 fine, and a $100.00 special assessment. (Doc. 27). Samson filed the instant motion under 29 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence on February 2, 2016. The Motion relies on *Johnson*, 135 S. Ct. 2551 (2015), and argues that Samson is no longer subject to the 15-year sentence required under the ACCA. The Government agrees that under *Johnson*, Samson is entitled to relief and should be resentenced accordingly. (Doc. 57).[2]

## II. DISCUSSION

### A. ACCA

Generally, a defendant found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is subject to a *maximum* term of imprisonment of ten years. 18 U.S.C. § 924(a)(2). However, if the defendant has three or more prior convictions for a "serious drug offense" or a "violent felony," the ACCA imposes a *minimum* term of imprisonment of fifteen years. 18 U.S.C. § 924(e)(1). The ACCA

---

[1] The Honorable Jimm Larry Hendren, presiding.
[2] Samson initially raised a claim for ineffective assistance of counsel but later withdrew it in his Reply to Government's Response to Motion Under 28 U.S.C. § 2255. (Doc. 58).

defines "violent felony" as a crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the ACCA's "residual clause." *See United States v. Brown*, 734 F.3d 824, 825 (8th Cir. 2013) (citing 18 U.S.C. § 924(e)(1)). In *Johnson v. United States*, the Supreme Court held that the residual clause was unconstitutionally vague because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557. Accordingly, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.*

In striking the residual clause, the Court held the clause void in its entirety. *Johnson*, 135 S. Ct. at 2561. Additionally, on April 18, 2016, the Supreme Court held that *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).[3] Thus, defendants whose sentences were previously enhanced under the ACCA may be entitled to

---

[3] The Eighth Circuit had recognized *Johnson* as a substantive change, and thus retroactive, even prior to *Welch*. *Woods v. United States*, 805 F.3d 1152, 1154 (8th Cir. 2015).

resentencing if the prior felonies on which the enhancement relied only qualified as violent felony predicates under the residual clause.

### B. Determining Whether a State-Law Conviction Qualifies as a "Violent Felony"

After *Johnson's* invalidation of the residual clause, if an offense does not "ha[ve] as an element the use . . . of physical force," the offense can only qualify as a violent predicate felony if it "is burglary, arson, or extortion, [or] involves use of explosives." 18 U.S.C. §§ 924(e)(2)(B)(i) and (ii). When determining whether a state-law conviction qualifies as one of these enumerated violent felonies, the Supreme Court has instructed that courts should not rely on the labels and definitions applied by state law. Instead, as the Supreme Court explained in *Taylor v. United States*, such crimes should be given their "generic definition[s]." 495 U.S. 575, 598 (1990).

For example, a prior conviction constitutes burglary if it has "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599. Where a state burglary statute is coextensive with this generic definition, or narrower than this definition, a sentencing court can easily conclude that a prior state conviction constitutes burglary under the generic definition. However, if the state's burglary statute is broader than the generic definition, the sentencing court should take one of two approaches, depending on the specific nature of the statute. *Taylor*, 495 U.S. at 599-600. Where the broader state statute is "indivisible"—that is, does not include disjunctive phrases to delineate alternative elements of the offense—courts should take a "categorical approach" and look only to the elements of the offense to see whether they are the same as, or narrower than, the

generic definition. *Id.* at 600; *see also Descamps v. United States*, 133 S. Ct. 2276, 2281-82 (2013) (holding that sentencing courts may not consult additional documents when the defendant was convicted of crime which has a single, indivisible set of elements).

In contrast, where the broader state statute is "divisible"—meaning it includes a disjunctive phrase to delineate alternative elements of the offense—the Supreme Court has approved of a "modified categorical approach." *Descamps*, 133 S. Ct. at 2281, 2285. Under the modified categorical approach, a sentencing court is allowed to look beyond the bare elements of the offense, to certain documents of record in the state case, to determine whether the defendant was convicted on elements that conform to the generic definition. *See Taylor*, 495 U.S. at 602; *Descamps*, 133 S. Ct. at 2284.

### C. Samson's Predicate Felonies

In Samson's case, of the three convictions relied on to apply the ACCA sentence enhancement, two cannot qualify as violent felonies without the residual clause. The first is Samson's conviction of first-degree burglary in violation of Or. Rev. Stat. Ann. § 164.225. The Oregon first-degree burglary statute provides that:

> A person commits the crime of burglary in the first degree if the person violates ORS 164.215[4] and the building is a dwelling, or if in effecting the entry or while in a building or in immediate flight therefrom the person:
>
> (a) Is armed with a burglar's tool as defined in ORS 164.235 or a deadly weapon; or
>
> (b) Causes or attempts to cause physical injury to any person; or

---

[4] Or. Rev. Stat. Ann. § 164.215 is the second-degree burglary statute, which is violated when a person "enters or remains unlawfully in a building with intent to commit a crime therein."

> (c) Uses or threatens to use a dangerous weapon.

Or. Rev. Stat. Ann. § 164.225.

A state-burglary conviction qualifies as a predicate burglary offense if it is limited to "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599. In *United States v. Mayer*, the Ninth Circuit found that the Oregon burglary statute proscribes conduct broader than the Supreme Court's generic definition of burglary because it is not limited to just buildings or structures, but includes booths, vehicles, boats and aircrafts. 560 F.3d 948, 959 (citing Or. Rev. Stat. Ann. § 164.205(1)) (finding that a conviction under the Oregon burglary statute constituted a violent felony under the residual clause).

Because the Oregon burglary statute is broader than the Supreme Court's generic burglary definition, the determination then turns on whether the statute is divisible or indivisible. Here, the statute is divisible because the disjunctive creates alternative elements to the offense. For example, the statute can be violated by entering or remaining unlawfully in a dwelling with intent to commit a crime, *or* by simply carrying a burglar's tool while in the dwelling. Or. Rev. Stat. Ann. § 164.225; *see also Descamps*, 133 S. Ct. at 2281 (stating that a statute is disjunctive if it provide that burglary involves entry into a building *or* an automobile).

Accordingly, the Court may use the modified categorical approach and look beyond the bare elements of the offense to determine whether the defendant was convicted on elements that conform to the generic definition. *Taylor*, 495 U.S. at 602. However, in Samson's case, neither the judgment nor the charging document point to the particular subsection of the statute Samson violated. Without knowing whether

Samson was convicted on elements that conform to the generic definition of burglary, the offense cannot be counted as a violent felony absent the residual clause. Therefore, it no longer qualifies as a predicate offense under the ACCA after *Johnson*.[5]

Additionally, Samson's prior conviction of unlawful use of a weapon in violation of Or. Rev. Stat. Ann. § 166.220 is no longer a viable violent felony predicate under the ACCA. The statute provides that a person commits the crime of unlawful use of a weapon if the person:

>   (a)   Attempts to use unlawfully against another, or carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon as defined in ORS 161.015; or
>
>   (b)   Intentionally discharges a firearm, blowgun, bow and arrow, crossbow or explosive device within the city limits of any city or within residential areas within urban growth boundaries at or in the direction of any person, building, structure or vehicle within the range of the weapon without having legal authority for such discharge.

Or. Rev. Stat. Ann. § 166.220. The statute is clearly divisible as it "presents alternative ways in which a person can commit the crime: by attempting to use a deadly weapon unlawfully [(the "attempt offense")], or by carrying or possessing a deadly weapon with intent to use it unlawfully [(the "possession offense")]." *State v. Alvarez*, 240 Or. App. 167, 172 (2010). Although the "attempt offense" qualifies as a predicate felony under the force clause because it has as an element of the attempted use of physical force,

---

[5] A conviction under Or. Rev. Stat. Ann. § 164.225 also cannot qualify as a predicate offense under 18 U.S.C. § 924(e)(2)(B)(i) (the "force clause"). This is so because § 164.225 does not contain as an element the use, attempted use, or threatened use of force, and could be violated without employing any threat of force.

the Ninth Circuit has determined that the "possession offense" only qualifies under the residual clause. *See United States v. Willis*, 795 F.3d 986, 995 (9th Cir. 2015).[6]

Thus, because the statute is divisible and includes both conduct that qualifies as a predicate offense and conduct that does not, the Court must apply the modified categorical approach to determine "which of several, separately described crimes encompassed by the statute formed the basis of the defendant's conviction." *United States v. Roblero-Ramirez*, 716 F.3d 1122, 1125 (8th Cir. 2013). In doing so, the Court may examine "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which [Samson] assented" to determine which subpart of the statute formed the basis for his conviction. *Shepard v. United States*, 544 U.S. 13, 16 (2005).

Here, although Samson's judgment of conviction for unlawful use of a weapon does not specify under which subsection of the statute Samson was charged with violating, the Criminal Indictment charging Samson provides:

> The said David Joseph Samson on or about December 11, 2010, in Douglas County, Oregon, did unlawfully possess with intent to use unlawfully against Victor Charles Logo, a knife, a dangerous weapon, contrary to the statutes in such cases made and provided and against the peace of dignity of the State of Oregon.

(Doc. 57-1, p. 2). The Charging Indictment's statement that Samson "did possess with intent to use unlawfully" exactly mimics the language of the "possession offense" contained in Or. Rev. Stat. Ann. § 166.201(1)(a). Thus, under the sound reasoning of

---

[6] Although the *Willis* case involved determining whether the "possession offense" constitutes a crime of violence under the Sentencing Guidelines, "the [ACCA] definition of 'violent felony' is viewed as interchangeable with the guidelines definition of 'crime of violence.'" *United States v. Johnson*, 417 F.3d 990, 996 (8th Cir. 2005).

*United States v. Willis*, Samson's conviction for unlawful use of a weapon cannot constitute a crime of violence absent the residual clause. 795 F.3d 986, 995 (9th Cir. 2015).

Accordingly, because both his burglary and unlawful use of a weapon convictions fall under the now-defunct residual clause, they can no longer qualify as predicate offenses under the ACCA. Therefore, Samson is no longer designated as an armed career criminal, and his sentence must be vacated.

### III.  CONCLUSION

For the reasons described herein, the Court finds that Samson's Amended Motion for Relief Under 28 U.S.C. § 2255 (Doc. 52) is **GRANTED**, and his sentence is **VACATED**. The Probation Office shall prepare a revised PSR, and a date for resentencing shall be set by separate order.

**IT IS SO ORDERED** on this 29th day of July, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE